IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

NATHAN SAPPINGTON,

        **Plaintiff,**

v.

ROGERS COUNTY BOARD OF
COUNTY COMMISSIONERS and
SCOTT WALTON, in his official
capacity,

        **Defendants.**

Case No. 18-cv-00423-JFH-JFJ

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Sanctions for Defendants' Spoliation of Video Evidence [Dkt. No. 64]. For the reasons set forth below, the Court denies the motion.

Plaintiff was employed by the Rogers County Sheriff's Office ("RCSO") between June 2008[1] and August 2017. Dkt. No. 22 at 2; Dkt. No. 53 at 11. In 2017, Plaintiff served as a Jail Administrator for the Rogers County Jail ("Jail"). *Id.* Plaintiff claims that he was wrongfully discharged by RCSO in retaliation for raising concerns regarding three incidents that he considered to be life-threatening which were not reported to the Oklahoma State Department of Health as required by Okla. Stat. tit. 74, § 192 and Okla. Admin. Code 310:670-5-2. Dkt. 22 at 2-5. In his Second Amended Complaint, Plaintiff identified three such incidents: (1) the stabbing of inmate D.R. by another inmate; (2) the possession of a noose by inmate D.K.; and (3) the assault of inmate

---

[1] In his Second Amended Complaint, Plaintiff alleges his employment with RCSO began on or about July 1, 2008. Dkt. No. 22 at 2. In their Motion for Summary Judgment, Defendants assert that Plaintiff's employment with RCSO began in June 2008. Dkt. No. 53 at 11. This statement is admitted by Plaintiff. Dkt. 59 at 6.

J.S. , while in restraints, by a Jail employee. Dkt. No. 22 at 2-3. Plaintiff later identified additional incidents involving the use of restraints on inmate J.S. which he classifies as "concerning" in light of his medical history. Dkt. No. 59 at 13; Dkt. 59-11 at 4-5.

Defendants moved for summary judgment arguing that Plaintiff's wrongful discharge claim must fail because he was not discharged but, rather, abandoned his position and because the Jail did not violate Okla. Stat. tit. 74, § 192 and Okla. Admin. Code 310:670-5-2, which mandate reporting of incidents involving injuries that are life threatening or require transfer to an outside medical facility.[2] Dkt. No. 53 at 10-21. In support of his summary judgment response, Plaintiff submitted an affidavit which referenced five additional incidents involving inmate J.S., one of which required him to be transferred to an outside medical facility. Dkt. No. 59-11 at 4-5. Plaintiff claims that "numerous cameras" within the Jail would have captured these incidents from "numerous angles," but that video footage of the incidents has not been produced as requested in discovery. Dkt. No. 64 at 2. Plaintiff seeks sanctions for spoliation of evidence. *Id.* at 5-10.

"A spoliation sanction is proper where: (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Jones v. Norton*, 809 F.3d 564, 580 (10th Cir. 2015) (internal quotation marks and citation omitted). "The entry of default judgment or the imposition of adverse inferences require a showing of bad faith." *Id.* (internal quotation marks

---

[2] These arguments challenge the evidentiary support for two of the requisite elements of Plaintiff's wrongful discharge claim. *See McCrady v. Okla. Dept. of Pub. Safety*, 122 P.3d 473, 475 (Okla. 2005) (recognizing that to succeed on a wrongful discharge claim under Oklahoma law, a plaintiff must demonstrate: (1) an actual or constructive discharge; (2) of an at-will employee; (3) in significant part for a reason that violates an Oklahoma public policy goal; (4) that is found in Oklahoma's constitutional, statutory, or decisional law or in a federal constitutional provision that prescribes a norm of conduct for Oklahoma; and (5) no statutory remedy exists that is adequate to protect the Oklahoma policy goal).

and citation omitted). "Mere negligence in losing or destroying evidence is not enough to support imposition of either of these harsh sanctions." *Id.* (internal quotation marks and citation omitted).

In this case, the Court granted summary judgment in favor of Defendants based on the absence of material fact as to actual discharge. Dkt. No. 82. Because any video footage of the incidents involving inmate J.S. is not relevant to the disposition of this case, the Court finds that Plaintiff has not been prejudiced by any failure of Defendants to produce such evidence.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions for Defendants' Spoliation of Video Evidence [Dkt. No. 64], is **DENIED**.

Dated this 18th day of November 2020.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE